ERNESTO FERNANDO SCHLÜTER, ETC., Plaintiff and Appellant, HEIRS OF BENIGNO DÍAZ, Defendants and Appellees.

No. 5270. Argued January 28, 1931.—Decided March 3, 1931.

*Hugh R. Francis* and *M. Cruz Horta* for appellant. *A. L. López* for appellees.

Mr. Justice Hutchison delivered the opinion of the Court.

Plaintiff in an action against the heirs of Benigno Díaz appeals from an order dissolving an attachment levied upon two policies of life insurance. One of these policies was in favor of Benigno Díaz, his assignees and legal representatives. The other was in favor of his executors, administrators or assignees.

It may be conceded that the district court erred, as claimed by plaintiff, in holding that section 249 of the Code of Civil Procedure, as amended in 1928 (Session Laws, p. 224) is "clear and free from all ambiguity".

Prior to the amendment that section read in part as follows:

"In addition to the homestead exempted by the homestead law, the following property belonging to an actual resident of this Island is exempted from execution, except as herein otherwise specially provided:

.    .    .    .    .    .    .    .    .

"9. All moneys, benefits, privileges, or immunities accruing or in any manner growing out of any life insurance on the life of the debtor, to any amount represented by an . annual premium not exceeding fifty dollars."

Paragraph 9, now reads:

"9. All moneys, benefits, privileges, or immunities accruing or in any manner growing out of any life insurance on the life of the debtor, when the beneficiary may be the spouse or legal representative of the insured, if the proceeds of the policy is to belong to the spouse or heir by law of such deceased debtor, and when they are not, to any amount represented by an annual premium not exceeding (50) dollars."

Other grounds of appeal shake down in argument to the contention that the title to a policy of insurance payable to the order of assured, or to his executors and administrators, if not transferred by the assured, vests at the time of his death in his executors or administrators for the benefit of

creditors. So to construe such a policy would defeat at least one purpose of the law.

In this Island, on the death of an assured, the proceeds of a life insurance policy payable to his executors, administrators, or legal representatives in the absence of any question as to transfer, assignment or other specific expression of intention belong either to his heirs or to the surviving spouse and the heirs, not to the executors, administrators or legal representatives of the deceased, nor to his creditors.

At the time of the amendment, the case of a policy payable to the heirs had been fully covered by article 428 of the Code of Commerce. See *Del Val* v. *Del Val*, 29 Phil. 534.

Except for the statutory exemption, the proceeds of a policy payable to the executors, administrators or legal representatives of the assured, would be liable for the debts of deceased and subject to attachment by his creditors. The purpose of the amendment was to exempt from execution whatever right, title or interest the surviving spouse or forced heirs might have in the proceeds of a policy payable to the spouse or legal representative of the assured.

The order appealed from must be affirmed.